UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
GREAT FALLS CI...

'06 JUL 7 AM 7 53

BY _____
DEPUTY CLERK

| UNITED STATES OF AMERICA, | No. 05-30212 |
| Plaintiff - Appellee, | D.C. No. CR-03-00144-SEH |
| v. | **JUDGMENT** |
| TONY BRYAN GUERRIERI, | |
| Defendant - Appellant. | |

Appeal from the United States District Court for the District of Montana (Great Falls).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Montana (Great Falls) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 06/09/06

**NOT FOR PUBLICATION**

**FILED**

**JUN 9 2006**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 05-30212 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00144-SEH |
| v. | |
| TONY BRYAN GUERRIERI, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 2, 2006**
Portland, Oregon

Before:   TASHIMA and W. FLETCHER, Circuit Judges, and POLLAK***,
Senior District Judge.

---

\*       This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Appellant Tony Bryan Guerrieri ("Guerrieri") was found guilty after a jury trial of knowing distribution of child pornography, and knowing possession of child pornography. The jury verdict required forfeiture of the computer equipment used in the offense conduct. The statutory maximum sentence the district court could have imposed was 30 years (or 360 months). The district court calculated Guerrieri's base offense level at 17 and added 20 levels of sentencing enhancement. Nine levels of enhancement are supported by a special jury verdict and were not challenged by Guerrieri at the district court, and are not challenged on appeal. Guerrieri challenged the remaining 11 levels of enhancement. The district court rejected Guerrieri's challenges, applied the considerations outlined by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), and imposed a sentence within the Guideline range of 262 months.

After *Booker*, we review the district court's sentence for unreasonableness. *United States v. Menyweather*, 431 F.3d 692, 694 (9th Cir. 2005). In determining whether the district court began with the correct Guideline sentence the "usual standards of review apply: '[We] review[] the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's

2

factual findings for clear error.'" *Id.* (quoting *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005)).

Guerrieri argues that the 11 levels of enhancement must be supported by clear and convincing evidence because the enhancement more than doubled his sentence. Even assuming that the clear and convincing standard of proof applies, *see United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999); *United States v. Jordan*, 256 F.3d 922, (9th Cir. 2001); *United States v. Lynch*, 437 F.3d 902, 916 (9th Cir. 2006) (en banc); *but see United States v. Riley*, 335 F.3d 919, 926-27 (9th Cir. 2003), we hold that the record supports the 11 levels of enhancement by clear and convincing evidence.

The district court imposed a 5-level upward adjustment pursuant to § 2G2.2(b)(4) because Guerrieri was involved in a pattern of activity involving the sexual abuse or exploitation of a minor by sexually abusing his minor stepdaughter. The district court expressly found that this enhancement was proven by clear and convincing evidence. Guerrieri argues that the district court erred in this determination. The district court heard testimony from the victim prior to sentencing. The district court found her testimony credible. This testimony was sufficient to sustain the clear and convincing standard of proof. *See United States v. Williamson*, 439 F.3d 1125, 1139-40 (9th Cir. 2006). The district court

3

imposed an additional 2-level upward adjustment pursuant to § 2G2.2(b)(2)(E) because the offense involved distribution. This adjustment is supported by the jury's verdict.[1] That is, it was found true by the jury beyond a reasonable doubt standard. Further, it does not amount to impermissible double counting. *See United States v. Speelman*, 431 F.3d 1226, 1233 (9th Cir. 2005). Finally, the district court imposed a 4-level upward adjustment pursuant to § 2G2.2(b)(3) because the offense involved materials that portray sadistic or masochistic conduct or other depictions of violence. The district court reviewed the images, and we have reviewed them as well. The district court's determination that the adjustment applies is supported by clear and convincing evidence. *See United States v. Rearden*, 349 F.3d 608, 614 (9th Cir. 2003).

In addition, Guerrieri argues that the sentence was unreasonable overall. We disagree. In *Williamson*, a post-*Booker* case involving child pornography, we upheld a sentence as not unreasonable where "the district court considered the

---

[1] In his brief Guerrieri argues that the jury verdict cannot be used to support the 2-level § 2G2.2(b)(2)(E) enhancement because, based on the indictment, it is possible that the distribution occurred before April 30, 2003, prior to the amendment of the distribution statute; and if this is true, the relevant portion of his sentence would be subject to a maximum of fifteen rather than twenty years. The record does not support this argument. According to the evidence presented at trial, Guerrieri distributed a child pornographic image in late June, 2003, to a Croatian resident.

4

nature of circumstances of the offense, the need for the sentence imposed given the seriousness of the offense, the kinds of sentences available, [] the range of sentences available," and made findings relating to prior sexual abuse by the defendant. 439 F.3d at 1140-41. Like *Williamson*, the district court here noted that the Guidelines are advisory, applied the factors listed in 18 U.S.C. § 3553(a), and determined that Guerrieri had previously sexually abused his stepdaughter.

AFFIRMED.

INTERNAL USE ONLY: Proceedings include all events.
05-30212 USA v. Guerrieri

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Lori Harper Suek, Esq.<br>FAX 406/247-6058<br>406/247-4645<br>[COR LD NTC aus]<br>USBI - OFFICE OF THE U.S.<br>ATTORNEY<br>2929 3rd Ave. N.<br>Billings, MT 59101-1478 |
| v. | |
| TONY BRYAN GUERRIERI<br>    Defendant - Appellant | Darla J. Mondou, Esq.<br>FAX 707/276-1158<br>520/682-5535<br>[COR LD NTC cja]<br>11201 M. Anway Rd.<br>Marana, AZ 85653 |